In re JEREMIAH SMITH & SONS, Inc.†

Appeal of O'NEILL.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

No. 2.

1. SHIPPING (§ 208*)—LIMITATION OF LIABILITY—"PRIVITY" OR "KNOWLEDGE" OF CORPORATION.

The knowledge or privity of the managing officer or agent of a corporation is the knowledge or privity of the corporation within the mean-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied.

ing of Rev. St. § 4283 (U. S. Comp. St. 1901, p. 2943), providing for the limitation of liability of shipowners for losses caused without their privity or knowledge.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 645; Dec. Dig. § 208.*

For other definitions, see Words and Phrases, vol. 5, pp. 3940–3942; vol. 6, pp. 5606–5611; vol. 8, p. 7764.]

2. SHIPPING (§ 207*)—LIMITATION OF LIABILITY—NEGLIGENCE OF MANAGING AGENT OF COMPANY.

A company running a line of oyster boats *held* not entitled to a limitation of liability for the consequences of an explosion caused by negligence in the filling of gasoline tanks, where the work was done under the superintendence of the managing agent of the line at one of its terminal ports.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 643, 644; Dec. Dig. § 207.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Appeal from the District Court of the United States for the District of Connecticut.

Proceedings in admiralty by Jeremiah Smith & Sons, Incorporated, owner of the gasoline screw oyster boat Jennie L. Smith, for limitation of liability. Decree for petitioner, and Edward O'Neill, a damage claimant, appeals. Reversed.

John E. Healy (Frank Wasserman, of counsel), for appellant.
James D. Dewell, Jr. (Avery F. Cushman, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition under Supreme Court admiralty rule 54† asking that the liability, if any, of Jeremiah Smith & Sons, Incorporated, owners of the gasoline screw oyster boat, Jennie L. Smith, for the consequences of an explosion be limited and at the same time denying liability.

December 22, 1908, at about 7:30 a. m., when the boat's tanks were being filled with gasoline in the harbor of Fall River, an explosion occurred which injured several of the crew and burned the boat to the water's edge. There were two tanks side by side in the forward part of the boat extending from the bottom nearly to the deck. They were connected with each other by a pipe at the bottom so that gasoline poured into one tank would run into the other. Each tank had a cap screw at the top. On this occasion the cap was taken off the starboard tank and a funnel was put through a hole in the deck into the tank and the gasoline poured into the funnel. As the cap was not taken off the port tank, it remained airbound, and before the tanks were filled the gasoline flowed over the top of the starboard tank, and the fumes, which are heavier than air, ran astern to a red hot stove, and so caused the explosion.

The boat was built in 1906 and equipped with a standpipe which was intended to go through the hole in the deck and be tightly screw-

ed into the top of the tank receiving the gasoline. The funnel was then to be put into the upper end of the standpipe so that any fumes or gasoline would escape into the upper air. The vessel was properly equipped in this respect, and we do not think it was a fault to have a burning stove aboard. If the standpipe had been used, no explosion would have occurred.

[1] The standpipe was aboard at the time in a locker, but the evidence is that it was not the practice to use it. Charles W. Homan, who lighted the stove on this occasion and who superintended the filling of the tank, did so with the funnel without using the standpipe. He managed the business of the line at the Fall River end, employed and paid the crews, told the captains when and where to go, ordered and paid for the supplies, and attended to the repairs. He was not called as a witness. If there was any other person to manage for the corporation, the petitioner did not produce him. In the case of corporations, knowledge or privity of managing officers or agents is the knowledge and privity of the corporation. The Republic, 61 Fed. 109, 9 C. C. A. 386; Parsons v. Empire Transportation Co., 111 Fed. 202, 49 C. C. A. 302; Weishaar v. Kimball S. S. Co., 128 Fed. 397, 63 C. C. A. 139, 65 L. R. A. 84; Craig v. Continental Ins. Co., 141 U. S. 638, 648, 12 Sup. Ct. 97, 35 L. Ed. 886.

[2] Homan knew or ought to have known the careless practice that prevailed in not using the standpipe, and was himself guilty of that very practice on this occasion. His knowledge and privity was that of the petitioner. The case is reversed with costs, and the court below directed to enter a decree against the petitioner for the damages sustained by the claimant without any limitation.