## THE TITANIC.

### (District Court, S. D. New York. November 13, 1912.)

SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—INJUNCTION —MODIFICATION.

The institution of a proceeding for limitation of liability vests the admiralty court with full and exclusive jurisdiction, not only to determine the right of petitioner to the benefit of the statute, but, in case it denies such right, to enforce the rights of damage claimants in full; and hence it will not modify its injunctional order restraining the commencement or prosecution by claimants of suits in other courts.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

In Admiralty. Petition by the Oceanic Steam Navigation Company, Limited, as owner of the steamship Titanic, for limitation of liability. On motions to modify injunction. Motions denied.

See, also, 204 Fed. 259, 260, 298.

A petition for limitation having been filed, and an ex parte (though temporary) appraisement having been had, the usual monition and injunction order went forth. Subsequent to such issuance, and after he had received a copy of the monition and order therefor, A. L. Brougham, Esq., began an action against petitioner in the Supreme Court of the state of New York on behalf of Elizabeth H. Natsch, executrix of Charles Natsch, deceased, to recover the damages alleged to have resulted from the death of the said Natsch by reason of the sinking Titanic. Upon the institution of this action an order to show cause was obtained why Mr. Brougham should not be punished for contempt. On the return day of this order motions were made on behalf of divers persons, who had either suffered injury by reason of the Titanic disaster or had taken out letters of administration upon the estates of persons perishing therein, asking that said injunction be modified so as to permit claimants to begin actions at common law, but providing that after such commencement of action further proceedings should be stayed until determination was reached as to whether the petitioners herein are or are not entitled to the limitation of liability sought.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mr. Burlingham and Mr. Kirlin, both of New York City, for the motion.

Graham & L'Amoreaux, Harrington, Bigham & Englar, Hunt, Hill & Betts, A. Leonard Brougham, and Frederick M. Brown, all of New York City, opposed.

HOUGH, District Judge (after stating the facts as above). The affidavit of Mr. Brougham sets forth that he did not read the injunction or monition order handed to him. This is no excuse. He is declared in contempt, of which he may purge himself by tendering a consent to the discontinuance of the action of Natsch within one week.

The motions made to lift the injunction raise a point of great importance, which in my opinion (after consulting the authorities cited) is not open in this court. The recent precedents all point one way. I feel sure that the settled practice and almost universal opinion in this district for many years is expressed by In re Myers Excursion & Navigation Co. (D. C.) 57 Fed. 240, affirmed as The Republic, 61 Fed. 109, 9 C. C. A. 386; and The Eureka (D. C.) 108 Fed. 672.

The first of these litigations illustrates the view that the sole function of a limitation proceeding was to limit recovery in the event of a limitable liability being found. If the liability was not capable of limitation, the proceeding was at an end. Both in the District Court and the appellate court, this doctrine is not asserted but is assumed. The Eureka, supra, is but another illustration of the same doctrine in holding that no ground for an admiralty limitation proceeding existed, if the only thing to be limited was the extent of one man's recovery. It was held that the statute in terms limited the proceeding to a "pro rata distribution [in] cases in which there are several distinct claims." The case last cited has been openly departed from in The Hoffmans (D. C.) 171 Fed. 455, and this upon the distinct ground (page 461) that:

"If there is more than one forum in which shipowners can obtain relief under the statute, it would seem that the right of selecting the court rests with them."

The assumption which underlies the action of the courts in The Republic, supra, has been distinctly denied in the Ninth Circuit by In re Pacific Mail S. S. Co., 130 Fed. 76, 64 C. C. A. 410, 69 L. R. A. 71, and Oregon, etc., Co. v. Portland S. S. Co. (D. C.) 162 Fed. 912. Whatever doubt might be left after reading these cases is, I think, set at rest by Dowdell v. U. S. District Court, 139 Fed. 444, 71 C. C. A. 288, a case which is resolvable into the following statement, viz., that where a petitioner had taken the usual proceeding, had limited the time within which claims might be offered, and was thereafter declared to possess no right of limitation, such petitioner was still protected by the original proceeding against any claim not filed within the time limited.

It does not appear from any of these cases what would be the effect of an ultimate denial of limitation upon a party injured who had never

come into the limitation proceeding; nor does it appear whether one who files a claim and successfully defeats limitation may thereafter abandon his proceedings as claimant and resort to other forums for the enforcement of his rights; but this much does clearly appear—that a shipowner may limit even one man's recovery by affirmative suit in the admiralty, and that when that jurisdiction is invoked the District Court may proceed to enforce against the petitioner what it considers to be full liability after denying limitation.

Again without discussion the doctrine of all the cases last cited has received practical approbation by our Circuit Court of Appeals. In re Jeremiah Smith & Sons, 193 Fed. 395, 113 C. C. A. 391. An inspection of the record on appeal in this case shows that, although two possible claimants appeared and answered, only one filed a claim, so that, when the Circuit Court of Appeals issued its mandate, it practically directed the District Court to proceed to assess damages in an ordinary suit in personam for personal injuries.

One further step has been attempted in Delaware River Ferry Co. v. Amos (D. C.) 179 Fed. 756, where as against a single claimant, whose demand was obviously less than the value of the res, the petition was dismissed. It thus appears that District Courts have been commanded by Circuit Courts of Appeal to maintain the concourse of claimants and give full damages in proceedings brought for limitation after limitation denied.

It follows that the query suggested by these motions is this: Why should this court authorize proceedings in other tribunals, when it has power to dispose of the matter itself as part of a properly pending litigation? The petitioners outflank this inquiry by denying that any power exists in the court to mitigate the severity of the statute, pointing out that the injunction is unnecessary and unimportant, and that the filing of the petition and issuance of the monition automatically stop all other litigation by legislative power, which is higher than the mandate of a court. The San Pedro, 223 U. S. 365, 32 Sup. Ct. 275, 56 L. Ed. 473.

No opinion is expressed on this point. It is unnecessary to do so; for, if a limitation proceeding is but the exercise of the statutory right of a shipowner (under some circumstances) to bring his creditors into concourse, it must follow that this court should not (if it can) intrust to any other tribunal full and complete adjudication of the rights of all persons properly brought into court. It makes no difference that death cases are of such a nature that some proceeding for the enforcement of the asserted right must be brought within a time limit. To such claimants this tribunal is open. The only reason for their not coming in is a desire for a jury trial. Such trial is not a part of the right; it is no more than an incident of the remedy.

The motions to **modify** the injunction are severally denied.