In re P. SANFORD ROSS, Inc.

Appeal of WENDELIN.

(Circuit Court of Appeals, Second Circuit. February 10, 1913. On Petition for Rehearing, February 28, 1913.)

No. 178.

1. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—ISSUES—EFFECT OF PRIOR JUDGMENT.

Where a shipowner does not institute proceedings for limitation of liability until after the damage claimant has recovered a judgment against it in a state court, it is concluded in such proceedings by the

decision of the state court on all the issues involved in the action before it.

[Ed. Note.— For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

**2. JUDGMENT (§ 713*)—CONCLUSIVENESS OF ADJUDICATION—MATTERS CONCLUDED.**

A judgment on the merits is conclusive as to every matter offered and received to sustain or defeat a demand.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. § 713.*]

**3. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—ISSUES AND PROOF.**

Where a judgment was recovered in a state court against a corporation, owner of a floating pile driver. for the death of an employé thereon, in which action the plaintiff alleged that the death was caused by the fault and negligence of the defendant in failing to provide a proper and safe appliance, and evidence was received on such issue, in a subsequent proceeding by such defendant for limitation of liability, the only question to be determined is whether such fault or negligence was with its privity or knowledge, and being a corporation, to entitle it to the benefit of the statute, it is required to show affirmatively that the absence of the appliance was without the privity or knowledge of its superintendent. who was charged with the duty of seeing that the vessel was properly equipped.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

**4. SHIPPING (§ 207*)—LIMITATION OF LIABILITY—PRIVITY OR KNOWLEDGE—CORPORATION.**

A corporation, owner of a floating pile driver, which for five years had lacked an appliance essential to its operation with safety to the employés working thereon. is chargeable with knowledge of the defect, and is not entitled to a limitation of liability against a claim for the death of an employé resulting from such defect.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 555, 643, 644; Dec. Dig. § 207.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Appeal from the District Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Proceedings in admiralty by P. Sanford Ross, Incorporated, for limitation of liability. From a decree granting such limitation, Ida Wendelin, administratrix of Frithof Wendelin, deceased, appeals. Reversed.

For opinion below, see 196 Fed. 921.

See, also, 200 Fed. 1023.

The claimant's intestate was employed upon the pile driver belonging to the petitioner, which is a corporation, and while so employed received injuries from which he died. The claimant brought a common law action against the petitioner to recover damages for negligence causing the death of her intestate and obtained a verdict for $8,000. The petitioner thereupon filed a petition for limitation of liability, surrendered the pile driver to a trustee, and without further contesting its liability for the accident, asserted the right to limit its liability to the value of the pile driver.

Two principal questions were raised before the District Court: (1) Whether the limitation of liability statutes applied in the case of a pile driver; (2)

Whether the accident occurred without the privity or knowledge of the petitioner.

The District Court ruled upon both these questions in favor of the petitioner and the claimant has appealed to this court.

Anthony J. Ernest, of New York City, for appellant.

E. G. Benedict, of New York City, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). In considering this case it may be unnecessary to determine whether the pile driver, under all the circumstances, came within the limitation of liability statutes. If the statute applied and yet the accident occurred through fault within its privity or knowledge, the petitioner is not entitled to benefit by it. The determination of the question of privity or knowledge may be decisive.

[1] The petitioner might have applied to limit its liability as soon as the claim in question arose and thus have brought all the issues into the District Court. It did not choose to do so and left some issues to be decided in the common law court. It is bound here by the decision upon such issues. In re Old Dominion S. S. Co. (D. C.) 115 Fed. 845; The Capt. Jack (D. C.) 169 Fed. 455.

The complaint in the common law court alleged, among other things, that there were defects in the ways, works and machinery through the fault of the defendant—the petitioner. Elsewhere it stated that the defect was the absence of braces to control piles while being driven. From the testimony in the common law case which was read into the present record, it appears that the absent brace was a "chock-block" which is a wedge-shaped piece of wood used, when necessary, to prevent a pile while being driven from spinging out of proper alignment. There was also testimony that no chock-block was supplied or used upon this pile driver and, although there was much evidence to the contrary, that its absence caused the accident.

[2] Upon such allegations and evidence the judgment in the common law action necessarily went much further than to find mere negligence in the petitioner's subordinate employés. It adjudicated that the petitioner was itself negligent in failing to equip the pile driver with a chock-block. These questions were raised by the pleadings, and evidence was offered upon them. They were settled by the judgment and it is not material that it may have settled other questions or that other grounds of negligence may have been charged. A judgment on the merits is conclusive as to every matter offered and received to sustain or defeat a demand. 23 Cyc. 1169, 1170.

[3] When therefore, the case came into the District Court, the only question was whether the absence of the chock-block was with the privity or knowledge of the petitioner. The finding in the common law case that the petitioner failed in its duty to properly equip did not establish that. But the petitioner is a corporation, and is charged with the knowledge of its officers or agents who have charge of the particular subject matter. Undoubtedly its high officers were not per-

sonally informed as to the details of the equipment of all the vessels belonging to their corporation. But it had a superintendent whose duty it was to see that all vessels were in repair and properly equipped. The petitioner failed to show that the absence of a chock-block was without the knowledge of such superintendent. It failed to show that the pile driver when built was supplied with a chock-block or that it ever had one. Consequently the petitioner failed to show want of privity or knowledge and, in view of the common law judgment, fails to bring itself within the limitation of liability statute. In re Jeremiah Smith & Sons, 193 Fed. 395, 113 C. C. A. 391.

The decree of the District Court is reversed with costs and the cause remanded with instructions, in case the claimant apply therefor, to decree in her behalf to the extent of the fund in the hands of the trustee without prejudice to her right to collect the remainder of her judgment.

## On Petition for Rehearing.

Martin T. Manton and Anthony J. Ernest, both of New York City, for appellant.

Everett, Clark & Benedict, of New York City (Edward G. Benedict, of New York City, of counsel), for appellee.

PER CURIAM. In view of the petition and the brief accompanying it, we have again considered the question whether the petitioner sustained the burden of showing that the failure of a master's duty upon which the common law judgment was based, was without its privity or knowledge.

The petitioner is apparently a large corporation having different departments of business, over one of which Campbell was superintendent. It is not satisfactorily shown that any duly elected officers of the corporation had any duty of inspecting the pile driving plant under him. There is no proof that the pile driver, either as part of the structure or of the equipment, ever had a chock-block and Campbell certainly was aware of its condition. Under such circumstances we still think he was such a representative of the corporation that his knowledge was imputable to it. While the cases generally speak of the knowledge of managing officers as being the knowledge of the corporation, the real test is not as to their being officers in a strict sense but as to the largeness of their authority. Upon the record as it stands we are satisfied that our former conclusion was correct.

[4] The petitioner further urges that we should now take further testimony as to the authority actually possessed by Campbell. It is possible that we should give weight to this request were it not for another consideration which we did not lay stress upon in the opinion. It is entirely clear from the testimony, as already pointed out, that this vessel which was rebuilt by the petitioner as a pile driver had been lacking in a chock-block for five years before the accident. Whatever may have been the authority of the superintendent, the corporation must be presumed to have had knowledge of such condition, and this presumption is not overcome by general statements of the elected officers that they kept the vessel in good repair and knew of no defects in it.

Their testimony was not directed to chock-blocks and the proof is that none was ever supplied. A corporation cannot be excused for a long continued and apparent structural defect or for lack of necessary equipment without any proof that a supply of such equipment was available or that it was the duty of any agent to obtain it.

The case was apparently tried in the common law court upon the theory that chock-blocks were not necessary and, consequently, that the petitioner omitted no duty in failing to supply them. The common law judgment negatived this theory and produced a situation where the establishment of want of knowledge or privity was particularly difficult. In such situation we think the proof offered entirely insufficient for the purpose.

The petition for a rehearing is denied.