THE TEDDY.

(District Court, W. D. New York. July 13, 1915.)

1. SHIPPING &wrkey;209—PROCEEDING FOR LIMITATION OF LIABILITY—DEFENSES —RES JUDICATA.

The judgment of a state court, holding the owner of a floating derrick liable for injury to an employé on the grounds that the derrick was insufficiently equipped and that the defendant's superintendent in charge of the work was negligent, is conclusive that the injury occurred with the privity of the defendant, and a bar to a proceeding in admiralty for limitation of liability, under Rev. St. § 4283 (Comp. St. 1913, § 8021).

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. &wrkey;209.]

2. WORDS AND PHRASES—"DEADMAN."

The term "deadman," as applied to a lifting appliance, consists of a piece of timber placed across an opening in the ground to which a snatch hook is attached.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Deadman.]

In Admiralty. Petition of the Great Lakes Construction Company, as owner of the steam derrick Teddy, for limitation of liability. Dismissed.

Love & Keating, of Buffalo, N. Y., for petitioner.

Hamilton Ward, of Buffalo, N. Y. (Irving W. Cole, of Buffalo, N. Y., of counsel), for claimant.

HAZEL, District Judge.   The petitioner herein, the Great Lakes Construction Company, did not apply to this court to limit its liability to the value of the steam derrick Teddy until after the trial of an action in the Supreme Court of this state, brought by the claimant, an employé, for damages for injuries sustained by reason of the collapse of a bridge across the Erie Canal to which the derrick was fastened. An appeal from the judgment recovered by the plaintiff, amounting to about $4,000, was affirmed by the Appellate Division, and only then did the defendant file its petition under admiralty rule 54 (29 Sup. Ct. xiv) for limitation of liability.   The appraised value of the Teddy was $1,035, and the claim is now made that the recovery should be limited to such amount, even though she was afterward sold by her owner for $1,750.

[1] Several points were raised at the hearing: (1) That the Teddy was not a vessel within the meaning of the Revised Statutes, and that therefore proceedings to limit liability could not be maintained; and (2) that it was proven in the state court action that the liability arose on account of the petitioner's negligence in failing to provide suitable appliances for performing the work and because of the fault of the superintendent of the petitioner, with the privity and knowledge of the latter, in directing that plaintiff use Riley's bridge as a leverage to raise the A-frame on the scow to enable operating the derrick.

There is doubt in my mind as to whether the Teddy was such a vessel or water craft as was contemplated in the Revised Statutes definition of a vessel. She was principally adapted for floating a derrick or hoist, and was used by petitioner in the barge canal construction work only as a moving platform for the support of the derrick and A-frame, and not for transportation of débris, gravel, sand, or other commodities.   She had no crew in the accepted sense, had not been inspected by government inspectors, had no license to navigate, and, indeed, had no licensed officer or equipment for navigation.   In The Buffalo, 154 Fed. 815, 83 C. C. A. 531, cited by petitioner to support the claim that the scow or float was in fact a vessel, the question was whether a traveling hoist or derrick mounted upon a fuel scow, was a part of the vessel, but that the scow was a vessel was unquestioned. Assuming, however, that the Teddy comes within the broad definition of a vessel as "a water craft or other artificial contrivance used or capable of being used as a means of transportation on water," I am nevertheless of the opinion that the judgment of the state court as to the negligence of her owner is conclusive upon me.   In re P. Sanford Ross, 204 Fed. 248, 122 C. C. A. 516.

The record shows that the action was brought under the Employers' Liability Act of the state of New York (Consol. Laws, c. 31), and that the superintendent was guilty of negligence such as was attributable to the defendant; that the specific issue determined was that the defendant maintained improper methods for doing the work upon

which the claimant was engaged; that proper appliances for raising the cargo of the sunken canal boat had not been provided by the owner of the scow or float at the time the plaintiff was injured; and, moreover, that the superintendent having charge of the work negligently directed the plaintiff to fasten the line of the derrick to the bridge without having first ascertained that it was capable of withstanding the strain. From this it would appear that the liability arose with the knowledge and privity of the owner of the Teddy.

[2] In re P. Sanford Ross, supra, negligence was asserted for failure to equip the pile driver with a chock block, and other grounds of negligence were charged; but the Circuit Court of Appeals substantially stated that it made no difference what the various grounds of negligence were inasmuch as evidence was offered to show failure to properly equip the pile driver. So here evidence was adduced at the trial in the state court, and also before this court, showing that there was a lack of proper equipment for lifting the A-frame in the customary method; that is, by the use of what is technically known as a "deadman," which consists of a piece of timber placed across an opening in the ground to which a snatch block is attached.

It also appears plainly enough that the superintendent of the defendant was empowered to direct claimant as to the manner in which the work was to be performed, and that in the exercise of a proper degree of care he should have caused an inspection of the bridge to have been made before directing that it be used as a leverage for the hoist. He knew, or should have known, that the bridge was incapable of bearing the strain of the A-frame, and his knowledge must be deemed to be the knowledge of the owner, within the meaning of section 4283 of the Revised Statutes, providing for the limitation of liability of shipowners for losses caused without their privity or knowledge. In re Jeremiah Smith & Sons, 193 Fed. 395, 113 C. C. A. 391.

It was also contended by claimant that no marine tort was involved herein, and Cleveland Terminal & Valley Railroad Company v. Cleveland Steamship Company, 208 U. S. 316, 28 Sup. Ct. 414, 52 L. Ed. 508, 13 Ann. Cas. 1215, and The Troy, 208 U. S. 321, 28 Sup. Ct. 416, 52 L. Ed. 512, were cited in support of this contention; but in view of the foregoing this ground for dismissing the petition need not be considered.

The petition for limitation of liability is dismissed, with costs.