## THE RAMBLER.

## PETITION OF NEWTON CREEK TOWING CO.

(Circuit Court of Appeals, Second Circuit. May 7, 1923.)

### No. 245.

**1. Shipping ⚙=209(3)—Explosion of tug boiler held to warrant inference of negligent management.**

In proceeding under Rev. St. § 4283 (Comp. St. § 8021), to limit liability, by the owner of a tug whose boiler blew up, the explosion destroying all evidence of its cause, *held*, that the fact of explosion warranted the inference that the boiler was mismanaged, under the rule of res ipsa loquitur.

**2. Shipping ⚙=209(3)—Evidence held not sufficient to show knowledge by owner of practice of locking safety valve.**

In proceeding under Rev. St. § 4283 (Comp. St. § 8021), to limit liability, by the owner of a tug whose boiler blew up, evidence of locking safety valve *held* so incredible as not to prove that the owners had knowledge of such practice.

Appeal from the District Court of the United States for the Southern District of New York.

Application by the Newton Creek Towing Company, as owner of the steam tug Rambler, for limitation of liability, opposed by the Goodwin-Gallagher Sand & Gravel Corporation and others. From decree refusing limitation, petitioner appeals. Reversed and remanded, with directions.

Appellant is the owner of the Rambler, a small harbor tug whose boiler blew up without notice or warning, just as she was preparing to take in tow the scow of one of the claimant appellees. The explosion destroyed the Rambler, hurled fragments of vessel and boiler to a great distance, killed the crew on board, and injured property and other persons. From the nature of things there could not be any evidence of what was done or omitted on board the tug immediately before explosion. The reason for disaster remains wholly unknown, so far as any direct evidence of recent acts is concerned. Petitioner in common form prayed decree exonerating it from all liability or in the alternative limiting same. For reasons adverted to in our opinion, the trial judge held the petitioning owners to liability for all loss or damage caused by the explosion, and refused limitation, whereupon this appeal was taken.

Edward Ash, Alexander & Ash, and Mark Ash, all of New York City, for appellant.

Geo. V. A. McCloskey, of New York City, and Ralph G. Barclay, of Brooklyn, N. Y., for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). This is the ordinary application for limitation of shipowner's liability under R. S. § 4283 (Comp. St. § 8021); the prayer of the petition is in the common alternative, viz. that absence of all liability be decreed and enforced, or that limitation be granted in respect of such liability as may be found.

The form of the prayer indicates the two branches of investigation, which must be pursued on every such petition. The first duty of the court is to ascertain whether any liability exists, and if none exists there is the end of the matter. But if liability be found, and loss or damage be shown, the second inquiry is whether such loss or damage was or was not "done, occasioned or incurred without the privity or knowledge" of the shipowner petitioner.

[1] The facts upon which liability depends are simple in the extreme. The Rambler's boiler blew up, although of good, if not superior, make, shortly after satisfactory inspection, and while in charge of duly licensed men. By the contention of the petitioner, no reason is shown for the explosion. We have no doubt that these facts present a clear case for applying the rule commonly spoken of as that of "res ipsa loquitur." Of the nature and effect of this rule we have nothing to add to what we said in Central Railroad v. Peluso, 286 Fed. 661. But since this is a case of a boiler explosion on shipboard, we refer to the opinion of Wallace, J., in Rose v. Stephens, etc., Co. (C. C.) 11 Fed. 438. There a jury was instructed that they might infer negligence from the fact of explosion; i. e., the explosion spoke for itself. The reason for this rule and its application is, as Wallace, J., remarked:

"Boilers do not usually explode when they are in a safe condition, and are properly managed; therefore the inference that this boiler was not in a safe condition, or was not properly managed, was justifiable."

The court as trier of the facts is like a jury; we may infer negligence from the bald fact of explosion, and we do. Juries do not ordinarily explain the reasons for their inferences from the testimony; something more is expected from the court; therefore we explain that, since all experience shows that good boilers, well taken care of and managed, do not ordinarily explode, we think that the Rambler's boiler exploded, not because it was a poor boiler, but because it was mismanaged at and shortly before the moment of disaster.

Consequently by this finding of fact liability is fixed; it remains for the petitioner affirmatively to show that it is entitled to limit in accordance with the statute. It would serve no purpose whatever to recite the evidence given by petitioner to establish its right to limit; it is enough to say that it made out at least as good a case as that held sufficient in the often quoted and approved decision in The Annie Faxon, 75 Fed. 312, 21 C. C. A. 366.

[2] It then remained for the claimant respondents to upset the petitioner's case as made, and to prove facts which would enable the court to find that the loss and damage complained of had occurred with the privity or knowledge of the petitioner owner. Not burden of proof, but the burden of evidence, was shifted, when the petitioner gave evidence bringing itself within the case last cited.

This the claimant respondents endeavored to do by introducing the evidence of a former cook on the Rambler, who testified to an habitual tampering with the safety valve, to the end that the tug might obtain and use a very much larger steam pressure than her license permitted. The legitimate purpose of this evidence was to prove a habit of getting more out of the boiler than the law permitted, and thus persuade the

court (assuming, as testified for petitioner, a proper inspection service by a competent superintending engineer) that such superintending engineer must have known of the habit of the engineers on board to overstrain her boiler, thus weaken it, and invite the disaster that occurred.

This witness the court below believed, and found in effect that if the petitioner, by its higher officers, did not know in fact of this vicious practice, they were bound to know if they really attended to their business. Therefore it followed that, if such practice existed and was known to their superintending engineer, as it must have been, and the owner took no further steps in the matters, such owner was in contemplation of law possessed of knowledge, within R. S. § 4283. So far as the law is concerned, the ruling was quite within the reasoning of The Republic, 61 Fed. 109, 9 C. C. A. 386, and In re P. Sanford Ross, 204 Fed. 248, 122 C. C. A. 516.

But we are constrained to disagree with the lower court as to the credibility of the testimony underlying the legal theory. Not only did the witness referred to state that the safety valve was locked, but he told just how it was done, and there is no doubt at all as to the sort or kind of safety appliance on the Rambler. The valve used on this tug was of a common and well-known type, and when this witness said (as he did over and over again) that the locking was effected by hanging a weight on the device, he testified to an absurd impossibility. It was possible to lock this valve, though it was not easily done, but not with a weight either causing or assisting in the locking process. But if one does not believe in the weight to which the witness so fully ascribes his unlawful result, there is nothing left that one can believe from this man, and there is no other evidence against the case for the petitioner.

The decree appealed from is reversed, and the cause remanded, with directions to enter a decree finding liability on the part of the petitioner, but granting limitation of the same as alternatively prayed for.

Petitioner will recover costs of this appeal.