## THE COLUMBIA.

### Petition of UNION FERRY CO. OF NEW YORK & BROOKLYN.

District Court, E. D. New York. June 6, 1927.

**1. Seamen ⊕⊃29(5)—Res ipsa loquitur held applicable to death of ferryboat engineer, resulting from explosion of gas bag used in lighting system.**

Doctrine of res ipsa loquitur *held* applicable as to death of engineer on ferryboat, caused from explosion of gas bag for use in lighting plant, in view of fact that there was air in gas bag, and explosion might result from air, if flame traveled back, which danger might have been avoided, if bag had been purged of air.

**2. Seamen ⊕⊃29(2)—Ferryboat owner, as regards liability for engineer's death, held not negligent in having gas bag for lighting system installed by competent engineers without subsequent inspection.**

Owner of ferryboat, as regards liability for death of engineer, *held* not to have failed to use due diligence in installing gas bag on ferryboat for use in lighting plant, by sending qualified engineers without sending any one else to make an inspection.

**3. Shipping ⊕⊃208—Ferryboat owner could limit liability for death of engineer when gas bag in lighting plant exploded, though officer did not give instructions.**

· Owner of ferryboat, having gas bag for use in lighting plant installed by competent engineers, *held* entitled to limitation of liability for death of engineer on board resulting from subsequent explosion of gas bag, notwithstanding that executive officer of owner failed to give detailed instruction as to installation by such competent engineers.

**4. Death ⊕⊃99(1)—Surviving kin of ferryboat engineer 51 years old, earning $180 a month, held entitled to $20,500 for death.**

Next of kin of ferryboat engineer, 51 years of age, in good health at time of death, and earning $180 per month, *held* entitled to recover the sum of $20,500, which recovery was limited to value of boat and pending freight.

In Admiralty. Petition of the Union Ferry Company of New York & Brooklyn, as owner of the ferryboat Columbia, for limitation of liability in suit to recover damages for the death of John Moore, engineer on such ferryboat. Decree in accordance with opinion.

Decree affirmed in 25 F.(2d) 518.

Macklin, Brown, Lenahan & Speer, of New York City, for petitioner.

William F. Purdy, of New York City, for claimant.

CAMPBELL, District Judge. Both liability and the right to limit are questioned in the case at bar.

This is a suit in admiralty to recover damages for the death of John Moore, engineer on the ferryboat Columbia, owned and operated by the petitioner. The Columbia carried a crew of five men, consisting of the master, two deckhands, engineer, and fireman, and made frequent trips between New York and Brooklyn.

The method of lighting the boat, which had been pursued since 1885 or 1886, required the use of what was called a gas bag. This consisted of a circular tank of steel 3½ feet high and 8 feet in diameter, resting on the floor, the top being entirely open. On top of this a rubber bag was secured, by bolting through a steel rim the bottom of the bag to the tank. The top of the bag was about 6 feet in diameter, and on the top was a wooden table, on which, in operation, weights were placed which, when gas was in the bag or tank, exerted pressure to force gas through the service pipe.

The gas used was obtained from the city mains, and was introduced into the tank through a pipe connection in the lower part of the side of the tank, and discharged through a pipe connected in the lower part of the side of the tank. As the Columbia had not been operating late enough to require lights during the summer months, the gas bag formerly used had been removed, and she had been operating without a gas bag during the summer months.

On September 16, 1920, in anticipation of the necessity for gas, a new gas bag was installed. Mr. Berry, supervising engineer of repairs of the petitioner, sent Charles P. Sudgen, a marine engineer, in the employ of the petitioner as yard engineer, with Cecil Whittaker, to install the gas bag on the Columbia.

Sudgen examined the bag before he started to put it in place, and found it all right. He and Whittaker then put on and bolted the bag in the usual way, and after it was completed, they opened up five jets and filled the bag with gas from the city main, then closed the jets and lighted one light on the engineers' table, about 25 feet away from the tank, which was in a room off the engine room and connected with a door. After filling the tank, Sudgen and Whittaker tested the bag for leaks and found none, nor any smell of gas.

The deceased engineer was a capable man, experienced in repairs and with gas bags, as he had been at one time in the petitioner's repair department for over a year, in addition to having been a marine engineer in charge of the engine on a boat for years.

During the progress of the installation of the bag, he looked at the work from time to time, but did not make a regular inspection of the work. When the work was completed, he asked if it was all right, and Sudgen and Whittaker asked him if it was all right, and he said he thought so.

Sudgen watched the one light on the engineers' table, and said there was nothing about its operation which was abnormal; there were signs of air, but that is usual, and always found after filling a tank. The Columbia made a round trip after the tank was filled at Brooklyn, and the light on the engineers' table was burning all that time, but showing signs of escaping air.

After the Columbia arrived at Brooklyn, on the return trip, the deceased engineer had charge of the gas bag. Sudgen left the Columbia and had reached the stand, and was buying a pack of cigarettes, when he heard the sound of the explosion. He went back and found the engineer on the floor. From the effects of the explosion the engineer, Mr. Moore, died.

There is no direct evidence as to the cause of the explosion. The deceased engineer was alone in charge of the lighting system at the time of the explosion, and had been at least from the time that Sudgen and Whittaker left the boat, and probably before that time, and the Columbia had made a round trip with the gas bag filled before the time of the explosion.

No evidence whatever was offered to disprove the evidence of Sudgen that the gas bag was filled in the usual way, and it is also in evidence that no explosion of the gas bag had ever occurred on any of the petitioner's boats before that time. The only evidence offered on behalf of the claimant was that of Prof. Olsen, who testified that the tank should have been purged of air before it was filled for use, as the mixture of gas and air was likely to be explosive.

While this undoubtedly would have been an excellent precaution to be observed, it does not seem to have been the usual and ordinary practice. Sudgen observed the lighted lamp on the engineer's table for an hour, and saw nothing unusual or dangerous in the signs of escaping air, and the light was also visible to the deceased engineer, and he made no complaint to Sudgen. Prof. Olsen also testified that "the customary and very effective method of preventing a gas flame from passing through the pipe or into a tank is what is called a wire gauze, which could be described as a veil"; but there is no evidence from which it can be found that such a veil

was not used in the lighting system on the Columbia.

There is no evidence to show any defect in the lighting system itself, or in the workmanship in putting on the gas bag, which would have caused the explosion, unless it was in failing to purge the bag of air, and on this point it must not be forgotten that the bag was not filled with air when installed, because it naturally fell down in the tank while it was being installed and expelled much of the air in the tank, the bag rising after it was secured to the tank and the gas was introduced. Therefore the computation of the amount of air in the bag, given by Prof. Olsen, was much too high.

[1] There can be no recovery in this case unless there is a presumption of negligence, under the doctrine of res ipsa loquitur. This doctrine does, in my opinion, apply in this case, because while the explosion may have been the result of mismanagement on the part of the deceased engineer, there is no evidence of any kind from which it could be determined that such was the fact, or in what way the mismanagement caused the explosion; but we do know that the explosion occurred, and that there was air in the gas bag, and that an explosion might result from the air if the flame traveled back into the bag, and that this danger might have been avoided if the gas bag had been purged of air. The Rambler (C. C. A.) 290 F. 791, 1923 A. M. C. 618.

[2] The evidence shows that the work of installing a gas bag is one that can be performed by a gasfitter, or even a handy man, and is one that should be thoroughly understood by a marine engineer; therefore, in sending Sudgen and Whittaker to do this work, there was no lack of due diligence on the part of the petitioner in not sending some one else to make an inspection, because Sudgen himself was the yard engineer of the petitioner, and petitioner had every reason to believe that he was fully capable of doing and inspecting the work.

[3] Sudgen did inspect the work with care, and, if the explosion did occur by reason of air in the gas bag, it occurred in spite of the fact that the work was done in the usual and ordinary way, from which no explosion had resulted before that day. Mr. Berry was not an executive officer, whose privity or knowledge was the privity or knowledge of the corporation (Petition of Canadian Pacific Ry. Co. [D. C.] 278 F. 180), nor was there any evidence to show that Mr. Berry was on the boat that day preceding the explosion, nor that he had any privity or knowledge

either of the explosion or of the conditions preceding it.

No executive officer of the corporation was on the boat at the time, nor did any of them have privity or knowledge that was the privity or knowledge of the corporation. The petitioner cannot be deprived of the right to limit liability because Mr. Berry did not give detailed instructions of the manner in which the work of installing the gas bag was to be performed to a marine engineer, one supposed to be skilled in such work, and so competent that he was the yard engineer in the repair department. The petition to limit the petitioner's liability to the value of the boat and her pending freight is granted.

[4] The deceased engineer, Mr. Moore, was 51 years of age, and left him surviving as his next of kin his wife, Sarah Moore, 49 years of age, who was appointed administratrix, and as such is the claimant herein, and two daughters, one 25 years of age, who was married, and the other 15 years of age, who was single and very delicate. The deceased earned $180 per month, of which he gave his wife $145 to $150 per month. He was in good health. The claimant should recover the sum of $20,500; but, as I have found the petitioner entitled to limit its liability, the recovery of the claimant must be limited to the value of the boat and her pending freight.

A decree may be entered in accordance with this opinion.