### DEXTER–CARPENTER COAL CO. v. NEW YORK, O. & W. RY. CO, et al.

District Court, S. D. New York.

April 15, 1931.

Bigham, Englar & Jones, of New York City (R. F. Shaw, of New York City, of counsel), for libelant.

Alexander & Ash, of New York City (Edward Ash, of New York City, of counsel), for claimant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine, of New York City, of counsel), for respondent.

PATTERSON, District Judge.

At the close of the trial I made findings that the O. & W. 23 was unseaworthy, that her sinking on September 17, 1927, was due to such unseaworthy condition, and that no fault was attributable to the towing company. The case against the towing company was dismissed. As between the cargo owner and the carrier, I indicated that the former was entitled to a decree against the latter to cover loss of the cargo, but I reserved decision on whether the carrier was entitled to limitation of liability.

It is my opinion that there should be no limitation of liability in this case. Limitation is permissible only where the owner can show lack of knowledge or privity of the unseaworthy condition. The burden of proving such lack of knowledge or privity is on the owner. In re P. Sanford Ross, Inc., (C. C. A.) 204 F. 248; In re Reichert Towing Line (C. C. A.) 251 F. 214. Where the unseaworthiness is due to a generally decayed condition of the vessel which renders it unable to withstand the ordinary wear and tear of service, as was the case with this old barge,

the owner's lack of knowledge can only mean that the owner did not inspect the vessel or provide a regular system of inspection. The Republic (C. C. A.) 61 F. 109; In re P. Sanford Ross, Inc., supra. The evidence here establishes that the barge had seen its best days long before the commencement of this disastrous trip. Its unfitness would be visible to any one on careful inspection. Under such circumstances, proof by the owner that repairs had been made to the barge several months before the sinking and that a carpenter in its employ went over its boats and did minor jobs on them, does not suffice to bring the case within the limitation act. The Loyal( C. C. A.) 204 F. 930, 933. The carrier's claim of limitation of liability will therefore be denied.

The Harter Act (46 USCA §§ 190–195) does not help the carrier. The sinking of this barge was due, not to any fault in navigation or management during the voyage, but to lack of seaworthiness existing when the barge broke ground at Cornwall. International Navigation Co. v. Farr & Bailey Mfg. Co., 181 U. S. 218, 21 S. Ct. 591, 45 L. Ed. 830.

There will be a decree in favor of the libelant against the New York, Ontario & Western Railway Company for the full amount of the loss.