Petition of **UNION CASTLE MAIL S. S. CO., Limited.**

**THE SANDGATE CASTLE.**

District Court, S. D. New York.

Feb. 15, 1940.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for petitioner.

Bigham, Englar, Jones & Houston, of New York City, for claimants.

HULBERT, District Judge.

Petition for exoneration from or limitation of liability has been denied. The Sandgate Castle, D.C., 30 F.Supp. 344, 1939 A.M.C. 1576.

Upon the settlement of the interlocutory decree, several questions have arisen, the chief among which is a proposal of the petitioner that the claims of all persons who have not filed claims in this proceeding shall be forever barred, and the owners of such claims perpetually enjoined from the institution and prosecution of suits against the petitioner.

Claimants urge the importance of this question alleging losses to the extent of several hundred thousand dollars arising out of the destruction of the cargo of the steamship Sandgate Castle not covered by claims filed in this proceeding.

What is the function of the Admiralty Court after a determination that a vessel owner is not entitled to a limitation of liability?

In the Santa Rosa, D.C.N.D.Cal. S.D., 249 F. 160, claimants were afforded the opportunity to pursue their remedies in the District Court or in the State Courts as they might be advised, but it seems to be the settled law now that this court should proceed to adjudicate all claims after the manner of a court of equity and render judgment both in rem, and against the owner in personam.

In The Linseed King (Spencer Kellogg & Sons, Inc., v. Hicks, Administratrix) 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903, the District Court, 48 F.2d 311, found that certain claims were within the scope of the Workmen's Compensation Act, refused them any awards and remitted them to the Compensation Bureau. This was approved by the Circuit Court of Appeals, 2 Cir., 52 F.2d 129. In reversing the judgment in the Supreme Court, Mr. Justice Roberts said, page 512 of 285 U.S., page 453 of 52 S.Ct., 76 L.Ed. 903: "But we think that the admiralty court, having taken jurisdiction and brought all claimants into concourse, should have given complete relief. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612."

In Dowdell v. United States District Court, 9 Cir., 139 F. 444, 446, it was said:

"Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to 'all persons' having any claims, whether they receive actual notice thereof or not, and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other; for, as was said by the court in the case of Broderick's Will [21 Wall. 503], 21 U.S. 503, 579, 22 L.Ed. 599:

" 'Parties cannot * * * claim exemption from the laws that control human affairs, and set up a right to open up all the transactions of the past. The world must move on, and those who claim an interest in persons or things must be charged with knowledge of their status and condition and of the vicissitudes to which they are subject.'

"The effect of a default to appear in an admiralty proceeding is ordinarily the same as in other actions at law."

The late Judge Hough thought the Dowdell case set at rest any doubt "that where a petitioner had taken the usual proceeding, had limited the time within which claims might be offered, and was thereafter de-

460

clared to possess no right of limitation, such petitioner was still protected by the original proceeding against any claim not filed within the time limited." The Titanic, D.C., 204 F. 295, 296.

 It is my considered opinion that this court has the jurisdiction to pass upon all claims arising out of the loss of the steamship *Sandgate Castle*, presented for consideration, and to restrain their enforcement in any other court. I do not feel, however, that claimants in default should be barred by the interlocutory decree, but should be afforded the right to apply to excuse such default for good and sufficient cause. It will be timely to bar those still in default upon the entry of the final decree.

The disposition of the proposed amendments is indicated by endorsement thereon. Submit revised interlocutory decree in accordance therewith.