## THE TITANIC.

### In re OCEANIC STEAM NAV. CO., Limited.

(Circuit Court of Appeals, Second Circuit. June 4, 1915.)

SHIPPING ⬦209—PROCEEDINGS FOR LIMITATION OF LIABILITY—WITHDRAWAL OF CLAIM.

A damage claimant, in a proceeding in admiralty by a shipowner for limitation of liability, although restrained by the usual injunction in such cases from bringing action on his claim in another court, may as matter of right withdraw his claim, on payment of costs incurred by reason of his entry into the case, and it is immaterial to the court what future action he may contemplate.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. ⬦209.]

Lacombe, Circuit Judge, dissenting in part.

On application for a writ of prohibition on the part of the petitioner prohibiting Judge Mayer from entering orders withdrawing claims and permitting suits to be brought in England.

Burlingham, Montgomery & Beecher, of New York City, for petitioner.

James Allison Kelly, of New York City, for claimant Futrelle.

Hunt, Hill & Betts, of New York City (Frederick M. Brown, Geo. Whitefield Betts, Jr., and Francis H. Kinnicutt, all of New York City, of counsel), for Gilbert M. Tucker, Jr.

Culver & Whittlesey, of New York City, for Hilda M. Lacon.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. Three claimants ask permission to withdraw the claims filed by them in this proceeding. Judge Mayer has indicated his intention to permit this to be done and the present proceeding seeks an order prohibiting such action. Substantially the same questions are involved in each claim, but, in the view which we take of the law, it will be only necessary to consider the claim of Hilda Mary Lacon, which presents the question freed from unnecessary complications.

Hilda Mary Lacon is a British subject residing at Halifax, Nova Scotia. Her claim is for $3,464 for loss of baggage and personal effects. It was filed November 28, 1913. It is asserted that the object of the claimant is to get permission to prosecute her suit in England. This may be true, but whether true or not is, in our view, immaterial. The motion is that the claimant have permission to withdraw her claim in the District Court. We do not see that she is called upon to state her reason for this motion, but it is easy to infer that her reason, as well as that of the other claimants, is that she is satisfied that she can get no adequate redress in the courts of the United States. If she has the right, her reason for asserting her right is immaterial. The rule is, we think, practically universal that, where a suit at law

is commenced for damages and the defendant interposes no counter-claim and seeks no affirmative relief, the plaintiff may discontinue the action at any time on payment of costs. A defendant who opposes such a motion on the ground that the plaintiff contemplates beginning a new action against him in some other jurisdiction will probably have some difficulty in convincing the court of the soundness of his contention. The plaintiff concludes that he does not wish to continue the suit, he pays the defendant all the costs which have accrued and discontinues it; is there any doubt as to his right to do so? If not, what possible bearing has his future course upon his present right? The court cannot refuse to recognize an existing right because of some occurrence which may take place in the future.

Conceding, for the argument's sake, that the court is justified in considering the future, is it conceivable that any court will compel him, in invitum, to remain in its jurisdiction because he thinks he can obtain more complete justice elsewhere? We think not. The only question for the District Court was—Have these parties a right, on paying costs, to withdraw their claims? Having decided that they have that right, the action of the claimants in the future is no concern of the court. If they decide to bring new suits or proceedings it is for the court in which the claims are presented to pass upon their validity and upon any plea in abatement or in bar which may be interposed. The question in all of these cases relates to the present. Have the claimants a right to withdraw their claims? If they have, there is an end of the present controversy. What they do with their claims hereafter is immaterial. In short, the District Court cannot retain jurisdiction for the reason that if it releases the claimants they may get relief in some other tribunal.

Of course the facts differ in the three cases under consideration, but we deem it unnecessary to discuss these differences, because the cases are alike in the fundamental proposition that in each the claimant wishes to withdraw. Whether he be called claimant or defendant in the limited liability proceeding is immaterial. Having come into this jurisdiction, the claimants should pay the costs incurred by reason of their entry. Having done so they are at liberty to withdraw and bring any action or proceeding they please so far as the District Court is concerned. There cannot be two actions pending at the same time and so long as the claimants remain in this jurisdiction the injunction binds them. When they have withdrawn they are as free from it for all purposes as if they never had been parties.

We do not think the action of the Oceanic Steam Navigation Company in filing the petition for limitation places these claimants in the position of defendants and therefore in a position where they cannot withdraw their claim. Facts, not theories, should determine the issue, and, as we have shown, the fact is that the claimants are endeavoring to collect of the Oceanic Company damages sustained by reason of its alleged negligence. On that issue they hold the affirmative and, no matter what name may be given them, are entitled to withdraw the claims if they see fit to do so.

We have not passed upon the question whether or not a writ of prohibition is the proper remedy, for the reason that both parties seem to desire a prompt determination of the issue.

We think the proposed orders should be amended by providing that in each case the claim may be withdrawn on payment of taxable costs, and that the motion for the writ of prohibition should be denied.

LACOMBE, Circuit Judge. I concur in the conclusion reached because I think the orders about to be entered in the District Court would be appealable; therefore no writ of prohibition should issue, even if this court had the power to issue such writ. On other points set forth in the opinion I do not concur.

The statute providing for limited liability and the rules made in conformity therewith give to the American owner of an American vessel, sunk as the Titanic was, the right to compel all claimants resident here and all claimants resident elsewhere, but who have brought their claims into any American court, to come into the statutory proceeding. Such owner is entitled under the statute and the rules to an injunction to protect that right. The sort of injunction which is issued to protect that right is well settled by long established practice.

The Supreme Court has now held that the British owner of a British vessel similarly lost, who has a residence and property here which may be reached by attachment, has the right to avail of the provisions of this statute; indeed it has further held that in a proceeding under such statute initiated by the British owner the conditions to be complied with to provide a corpus shall be such as the American, not the British, statute provides. So much is the settled law of this case. That being so, I do not see how in the case of the British owner who is availing of this statute, any more than in the case of an American owner, the District Court can properly do otherwise than issue the injunction in its usual form, the form well recognized and applied in countless cases initiated since the statute was passed, or can properly modify that injunction to the owner's prejudice or make exceptions in the one case, which it would not make in the other.

As to what is the scope of the injunction authorized and issued under the statute and rules—whether it be far-reaching or narrow—that is a question touching which opinions may differ. That being so, the question should be disposed of directly not indirectly; the person who thinks it should be construed narrowly may act on that assumption, and upon proceeding to hold him in contempt the question of construction will be settled, finally perhaps by the Supreme Court. But if, upon the theory that it should be narrowly construed, the judge who issues it should modify its usual terms so as to secure such a construction, the person who is entitled to it is deprived of his right to a relief given by statute, should the court of last resort hold, it may be in some other case, that the statute contemplated the issuance of a broad injunction.

Recording merely this divergence from the views expressed by the majority of the court, I concur in the conclusion to deny application for writ of prohibition.