## THE 84-H.*

### Appeal of BOUKER CONTRACTING CO.

(Circuit Court of Appeals, Second Circuit. December 17, 1923.)

### No. 128.

**I. Shipping ⬗203—Limited Liability Act liberally construed to effectuate intention of Congress.**

Rev. St. §§ 4283–4286 (Comp. St. §§ 8021–8024), and amendments thereto must be construed, not narrowly, but in a fair and liberal manner to effectuate the evident intention of Congress.

**2. Shipping ⬦⟶208—No "privity or knowledge" of fault, in absence of personal participation.**

Under Rev. St. §§ 4283–4286 (Comp. St. §§ 8021–8024), withholding the right to limit liability if shipowner had "privity or knowledge" of the fault which occasioned damages, the privity or knowledge must be actual and not merely constructive, and must involve a personal participation of the owner in some fault or act of negligence causing or contributing to the injury suffered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privity—Privy.]

**3. Shipping ⬦⟶209(1)—Court required to ascertain whether liability exists and whether damage was occasioned without privity or knowledge of owner.**

In proceedings under Supreme Court admiralty rule No. 51, to limit liability of owner of vessel under Rev. St. §§ 4283–4286 (Comp. St. §§ 8021–8024), providing for limitation of liability of owner of vessel where owner had no privity or knowledge of the fault which occasioned the damages, the court is required, first, to ascertain whether any liability exists; and, second, if such liability exists, whether loss or damage was occasioned or incurred without the "privity or knowledge" of the owner.

**4. Shipping ⬦⟶209(3)—Rule as to burden of proof in proceedings for limitation of liability by owner of vessel stated.**

In proceedings to limit liability of owner of vessel, under Rev. St. §§ 4283–4286 (Comp. St. §§ 8021–8024), the claimant has the burden of proving negligence, and, if negligence is found, the owner has the burden of proving that it had no privity or knowledge of the fault which occasioned the damages.

**5. Shipping ⬦⟶209(1)—Court, on finding no liability in proceedings for limitation of liability, should grant petition.**

In proceedings to limit liability of owner of vessel under Rev. St. §§ 4283–4286 (Comp. St. §§ 8021–8024), the court, on finding that there was no fault or negligence, should grant the petition and not dismiss it.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the petition of the Bouker Contracting Company, as owner of the scow 84–H, for limitation of liability. From an order dismissing the petition, petitioner appeals. Reversed, with instructions.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellant.

Joseph A. Fagnant, of New York City, for respondents.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

ROGERS, Circuit Judge. This is a proceeding to limit liability under admiralty rule 51, of the rules of practice for the courts of admiralty, promulgated by the Supreme Court of the United States, in December, 1920, 254 U. S. 703, 40 Sup. Ct. xix.

It appears that on January 31, 1922, one William H. Friend was employed by the Bouker Contracting Company to load material on a scow, and while engaged upon the work fell off a plank which ran from the scow to the bulkhead and was drowned. He was engaged in wheeling refuse from the shore to the barge, and at the time the accident happened was returning from the barge with his wheelbarrow to obtain another load. The administrator and administratrix instituted suit in the state court against the contracting company, and demanded judg-

ment in the sum of $25,000 for damages for personal injuries which resulted in the death of the intestate.

On May 6, 1922, the Bouker Contracting Company, as owner of the scow No. 84–H, on which the intestate was at work when he met his death, filed a petition in the District Court for the Southern District of New York in which it alleged the pendency of the suit in the Supreme Court of New York, and claimed the benefit of the limitations of liability provided in sections 4283 and 4286, inclusive, of the Revised Statutes (Comp. St. §§ 8021–8024), and the various statutes supplementary thereto and amendatory thereof. It alleged that the value of scow 84–H at the time of the accident complained of was $2,000, and that the value of its pending freight was the sum of $170. It alleged that the entire value of petitioner's interest in the vessel and its pending freight did not exceed the sum of $2,170. It contained the allegations and prayers usual in such a petition, and asked that an injunction issue restraining the prosecution of the suit in the state court, and that the District Court adjudge that the petitioner is not liable to any extent for any loss, damage, or injury, nor for any claim in any way arising out of the accident. And it asked that, if the petitioner be adjudged liable, that its liability should be limited to the amount of the petitioner's interest in the scow.

On May 8, 1922, the petition to limit liability having been filed, one of the judges of the District Court for the Southern District of New York issued an order staying and restraining the beginning or prosecution of any and all suits, actions, or legal proceedings of any nature, including the action then pending in the Supreme Court of the state of New York, against the petitioner or the vessel in respect of any claim arising out of or connected with the accident complained of; the restraint and stay to be effective until the hearing and determination of the petition for the limitation of liability.

The proceeding came on for hearing and testimony was taken in open court before one of the District Judges on February 13 and 14, 1923. In April, 1923, an opinion was filed in which the District Judge stated that he found no negligence on the part of the contracting company and that the libelant petitioner had privity and knowledge of the method in which the work was conducted at the place where the accident happened, and that on that account he would dismiss the petition for a limitation of liability. And thereupon the order enjoining proceedings in the state court was vacated and set aside, the injunction was dissolved, and the petition for a limitation of liability was dismissed. The appeal is from that order.

The Act of March 3, 1851, entitled "An act to limit the liability of shipowners and for other purposes," is embodied in sections 4283 to 4285 of the Revised Statutes (Comp. St. §§ 8021–8023). It provides that—

"The liability of the owner of any vessel * * * for any * * * damage * * * done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

In order that this limitation of liability may become effective, the owner of the vessel must—

"transfer his interest in such vessel or freight, for the benefit of such claimants, to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto; from and after which transfer all claims and proceedings against the owner shall cease."

And rule 54 of the admiralty rules provides that, if the ship or vessel be not libeled, the petition to limit liability may be filed in the District Court for any District in which the owner or owners may be sued, and that, if suit has been commenced in a District other than that in which the ship or vessel may be—

"the said proceedings may be had in the District Court of the District in which the said ship or vessel may be, and where it may be subject to the control of such court for the purposes of the case as hereinbefore provided."

The proceeding instituted in the state court being a proceeding in personam, and the vessel being within the jurisdiction of the District Court of the Southern District of New York, the petition to limit liability was accordingly instituted in that District.

The Limited Liability Act was passed for the encouragement of shipbuilding and the employment of ships in commerce, by providing that the owners of ships should not be liable beyond their interest in the ship and freight for the acts of the master or crew done without their privity or knowledge.

In Butler v. Boston & Savannah Steamship Co., 130 U. S. 527, 549, 9 Sup. Ct. 612, 32 L. Ed. 1017, the Supreme Court held, in 1889, that the Limited Liability Act applies to damages for personal injury and damages for loss of life. In that case the court declared that the act "extends to liability for every kind of loss, damage, and injury." And it was pointed out in that case, as it had been pointed out in earlier cases in that court, which are cited in the opinion, that this law of limited liability was enacted by Congress as a part of the maritime law of this country, and that it is coextensive in its operation with the whole territorial domain of that law.

Various attempts have been made to confine the act within narrow limits, but these attempts have failed. It was first claimed that it did not apply to cases of collision. But the Supreme Court in 1871 rejected that claim in Norwich Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585. Then it was claimed that it did not apply to cases of loss by fire. This, too, was, in 1883, rejected in Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038. The court in that case said:

"In these provisions of the statute we have sketched in outline a scheme of laws and regulations for the benefit of the shipping interest, the value and importance of which to our maritime commerce can hardly be estimated. Nevertheless, the practical value of the law will largely depend on the manner in which it is administered. If the courts having the execution of it administer it in a spirit of fairness, with the view of giving to shipowners the full benefit of the immunities intended to be secured by it, the encouragement it will afford to commercial operations (as before stated) will be of the last importance; but if it is administered with a tight and grudging hand, construing every clause most unfavorably against the shipowner, and allowing as little as possible to operate in his favor, the law will hardly be worth the trouble of its enactment. Its value and efficiency will also be greatly

diminished, if not entirely destroyed, by allowing its administration to be hampered and interfered with by various and conflicting jurisdictions."

And the above statement was quoted approvingly in La Bourgogne, 210 U. S. 95, 120, 121, 28 Sup. Ct. 664, 52 L. Ed. 973. The Limited Liability Act as originally adopted embraced liabilities for maritime torts but did not include liabilities arising ex contractu or liabilities for nonmaritime torts, but Congress, by the Act of June 26, 1884 (23 Stat. 53) added to the claims against which vessel owners can limit their liability so as to include liabilities arising ex contractu or from nonmaritime torts. See Richardson v. Harmon, 222 U. S. 96, 32 Sup. Ct. 27, 56 L. Ed. 110.

[1] It is evident that the legislation of Congress was to enable the vessel owner to limit his risk to his interest in the ship in respect to all claims arising out of the conduct of the master and crew and for acts done without his privity or knowledge, while leaving him liable for his own fault, neglect, and contracts. The Limited Liability Act and the amendments thereto must be construed, not narrowly, but in a fair and liberal manner, to effectuate the evident intention of the Congress.

[2] This brings us to consider the meaning of the words "privity and knowledge" as they are found in the act under consideration. The statute withholds the right to limit liability if the shipowner had "privity or knowledge" of the fault which occasioned the damages to be recovered. The privity or knowledge must be actual and not merely constructive. It involves a personal participation of the owner in some fault or act of negligence causing or contributing to the injury suffered. There must be some fault or negligence on his part or in which he in some way participates. Lord v. Goodall, etc., S. S. Co., 4 Sawy. 292, Fed. Cas. No. 8506; The Colima (D. C.) 82 Fed. 665, 679. And in La Bourgogne, 210 U. S. 95, 122, 28 Sup. Ct. 664, 673 (52 L. Ed. 973), Mr. Justice White, speaking for the court, said:

"Without seeking presently to define the exact scope of the words 'privity and knowledge,' it is apparent from what has been said that it has been long since settled by this court that mere negligence, pure and simple, in and of itself does not necessarily establish the existence on the part of the owner of a vessel of privity and knowledge within the meaning of the statute. And nothing to the contrary is properly to be deduced from the case of The Main, 152 U. S. 122, so much relied upon in argument, for that case did not purport in the slightest degree to overrule or qualify the previous decisions, and was concerned, not with the meaning of the words 'privity and knowledge,' but with the rule to be applied in determining what constituted pending freight within the meaning of the law for the limitation of liability. And this is also true of the English cases which were cited in the opinion in that case. It may be that there are general expressions found in some cases in the lower federal courts, decided both before and after the Hill Case, which lend color to the assumption that privity and knowledge as defined in the statute is but the equivalent of mere negligence. Such of the cases relied upon, however, as were decided before the authoritative interpretation of the statute in the Hill Case, were necessarily overruled by that decision, and, so far as those decided since may be inconsistent with the previous rulings of this court, they are clearly not entitled to weight."

[3, 4] The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit. And in a proceeding to limit liability two duties are

imposed upon the court. The first is to ascertain whether any liability exists. If it is found to exist the second duty arises, which is to ascertain whether the loss or damage was occasioned or incurred without the "privity or knowledge" of the owner of the ship. If no liability is found to exist, the absence of all liability is to be decreed, and there the matter ends. If, on the other hand, liability is found and loss or damage is shown, and was not occasioned or incurred with "privity or knowledge" of the shipowner, the limitation of liability should be decreed. See the decision of this court in The Rambler, 290 Fed. 791, 1923 A. M. C. 618. Upon the issue of negligence, the claimant has the affirmative (The Titanic, 225 Fed. 747, 748, 141 C. C. A. 19), and if negligence is found the petitioner has the burden of proof upon the further issue of the petitioner's privity and knowledge as was held by this court in Re Reichert, 251 Fed. 214, 217, 163 C. C. A. 370.

[5] In the instant case the court below found that the petitioner was not negligent. "The evidence," said the court, "showed that the work was conducted in the usual way. * * * I can therefore find no negligence on the part of the contracting company." If there was no fault or negligence for the shipowner to be "privy" to or have "knowledge" of within the meaning of the statute, there is no liability to be limited. And the court should have granted the petition. Instead, the petition was dismissed, and the injunction staying the proceedings in the state court was vacated. This was manifest error.

The reason for the error is seen in the following excerpt from the opinion:

"The company, however, knew all about the method of conducting business at the 'dump.' Indeed 'privity or knowledge' was admitted by the general superintendent when testifying. Under such circumstances the proctor for the administrator of Friend says the proceeding to limit should be dismissed because privity is admitted and privity is a complete bar to the statutory limitation. This was done in cases where negligence and privity were both shown. See The Erie Lighter 108 (D. C.) 250 Fed. at page 493; Weisshaar v. Kimball S. S. Co., 128 Fed. 397, 63 C. C. A. 139, 65 L. R. A. 84; Parsons v. Empire Transportation Co., 111 Fed. 202, 49 C. C. A. 302; The Republic, 61 Fed. 109, 9 C. C. A. 386; Quinlan v. Pew, 56 Fed. 111, 5 C. C. A. 438."

The mistake in this case was due to the fact that this is not a case "where negligence and privity were both shown." Where there is no negligence and no fault, privity is a matter of no consequence.

The decree is reversed, and the District Court is instructed to reinstate the petition and enter a decree exempting the petitioner from all liability, as prayed in said petition, and issue an injunction as also prayed in the petition aforesaid.