See also, D.C., 145 F.Supp. 616.

Petition of MOORE–McCORMACK LINES, Inc., as owner of THE S.S. MORMACKITE, for exoneration from or limitation of liability.

United States District Court
S. D. New York.
Dec. 27, 1956.
Supplemental Opinion Jan. 9, 1957.

Burlingham, Hupper & Kennedy, New York City, for petitioner, Eugene Underwood, Hervey C. Allen and Robert A. Feltner, New York City, of counsel.

Kilroe & Kilroe, New York City, for various claimants, Bernard Rolnick, Joseph Friedberg, Robert H. Kilroe, and Milton H. Spiro, New York City, of counsel.

Cooper, Ostrin & DeVarco, New York City, for various claimants, Herbert J. DeVarco and Richard Gyory, New York City, of counsel.

Bigham, Englar, Jones & Houston, Cooper, Ostrin & DeVarco, William L. Standard, New York City, for certain cargo and death claimants, William F. Andersen and John J. Martin, New York City, of counsel.

PALMIERI, District Judge.

In the course of pre-trial conferences, and in an effort to fix a suitable date for trial, sharply divergent views were urged upon me with respect to the proposed order of proof upon the trial. The problem arose because of the petitioner's insistence that it could not go to trial until sixty days after the claimants had specified the nature of the faults allegedly committed by the petitioner. In order to obviate any possible delay or misunderstanding at the time of trial, I thought it useful to file this memorandum along with the pre-trial order.

The S.S. Mormackite capsized and sank on October 7, 1954 off Cape Hatteras. She was sailing from Victoria, Brazil, with a cargo of approximately 9,000 tons of iron ore, and some cocoa beans, bound for Baltimore. All of the officers and most of the crew perished in the disaster. Rumbling noises allegedly heard by survivors indicated that the cargo had shifted or was in the process of shifting shortly before the vessel sank.

■ The owner of the vessel has brought this proceeding for exoneration from or limitation of liability pursuant to 46 U.S.C. § 183, 46 U.S.C.A. § 183.[1]

A number of claims have been filed in the proceedings by representatives of the deceased, by all of the survivors and by the owners of the cargo. On October 29, 1954, Judge Clancy signed a restraining order and order for monition. The effect of this order has been to restrain further prosecution of a number of Jones Act, 46 U.S.C.A. § 688, claims and to bring all of the suits into this one proceeding. Petitioner has also brought three suits in this court against the estates of the Master, the Chief Officer and the Chief Engineer of the S.S. Mormackite on the alleged ground that they failed to perform their duties properly. The petitioner's avowed purpose in bringing these suits is to have recovery over in the event it is found liable because of the breach of their duties. Concededly, the issues in these cases are all present in this proceeding and these three suits should be consolidated with this proceeding. The pre-trial order should so provide.

■ Very extensive pre-trial discovery has taken place in this case and is on the point of completion. It appears that both sides have afforded each other an optimum opportunity for discovery. Moreover, the survivors have all testified by deposition and all that they have been able to remember has been carefully explored and is known to all of the contending parties. The answers to the petition are substantially similar and contain the following allegation.

"The petitioner, its agents, servants and employees were negligent, careless and reckless in that they suffered and permitted said vessel to be and to be maintained in an unseaworthy and dangerous condition, did not stow the cargo of said vessel properly, did not trim said cargo properly, overloaded the ship, and did not maintain said vessel in a proper condition to enable her to navigate safely during the course of her voyage."

1. See also Rules 51 and 53 of the Rules of Practice in Admiralty and Maritime cases promulgated by the Supreme Court, 28 U.S.C.A.

It is reasonably clear that the allegation just quoted is about all that any claimant can allege on the basis of the known facts. Since I am convinced that the claimants can allege no more than they have, I have not acceded to the petitioner's request that they be compelled to specify in greater detail the alleged causes of the disaster. I did request counsel for the claimants, however, to state with greater particularity, if it were possible for them to do so, the last clause of the above-quoted allegation so. that any known defects of navigation or management of the vessel be set forth in advance of trial. This they have agreed to do.

■■ The position urged by the petitioner with respect to the proposed order of proof upon the trial has been set forth in a brief containing the following statement:

"*Order of Proof.*

"The Supreme Court has long established the proper rule of presentation of evidence in limitation proceedings. The question of liability is heard first. On this question, the claimants have the burden of proof (The Titanic, 2 Cir., 1915, 225 F. 747, 748; The 84–H, 2 Cir., 1923, 296 F. 427, 432) and therefore present their testimony first. The question of petitioner's right to limit is heard second. On this point, petitioner has the burden of proof and therefore presents its evidence before that of claimants. Providence & New York S.S. Co. v. Hill Mfg. Co., 109 U.S. 578, 595 [3 S.Ct. 379, 617, 27 L.Ed. 1038]; Hartford Accident Co. v. Southern Pacific, 273 U.S. 207, 214–215 [47 S.Ct. 357, 71 L.Ed. 612]; Commercial [Molasses] Corp. v. New York Barge Co., 314 U.S. 104, 107 [62 S.Ct. 156, 86 L.Ed. 89].

"This rule has been followed in this Circuit. The Rambler, 290 F. 791, 792; The 84–H, 296 F. 427, 432; Petition of Liverpool, Brazil & River Plate Steam Nav. Co., 57 F.2d 176, 177.

"To expedite the trial by preventing any misunderstanding on this point, we ask that the Court specifically include this rule in the pretrial order."

While there is validity to certain parts of this statement, the impact of the statement as a whole is unsound. There are two propositions asserted in the above-quoted statement which are valid and which are supported by the cases cited. One is that on the question of liability, the claimants have the burden of proof; the other is that on the question of a petitioner's right to limit, the petitioner has the burden of proof. The other statements dealing with the order of the presentation of evidence are gratuitous assertions and I have been unable to find support for them. Moreover, it is only just that the petitioner should have the burden of proving compliance with the conditions which entitle it to limit its liability and that it should be the first to come forward with the relevant proof. See Benedict on Admiralty, 6th Ed., Vol. III, § 526; Robinson on Admiralty, 1939, p. 942 and cases cited in footnote 152. The applicable principles of procedure were well summed up by Judge Learned Hand in The S.S. Hewitt, D.C.1922, 284 F. 911, at page 912:

"* * * Now, in undertaking to prove that the loss did not occur with his privity, the owner must necessarily show either just how the loss did occur, or, if he cannot, he must exhaust all the possibilities, and show that as to each he was without privity. This, to be sure, he need not always do by going over the possibilities, item by item. No doubt it might be enough to show that to his knowledge the ship was well found, properly manned, and staunch, tight, and adequately equipped. I do not mean to suggest any necessary form of evidence. The relevant point is that he undertakes to prove that, whatever the cause of loss, he was ignorant of it; that burden he undertakes with all

the possibilities which it may involve.

"The respondent—not at this stage a claimant at all—has no burden of proof. All he need do is to break down the case made by the petitioner and he wins; the petition is dismissed, and he may sue the petitioner as and where he chooses. Such being the situation, it is clear that at this stage the respondent has no right to file interrogatories. He has no affirmative case to prove, unless in the extremely unlikely event that the petitioner has done something to disable himself from filing the petition at all. I can at the moment think of no such defense to the petition; in the vast majority of cases it will be met merely by traverses. Hence it is clear on principle that these exceptions are good."

▉ In this case, the petitioner alleges in the second paragraph of its petition that the:

"Petitioner used due diligence to make the Mormackite seaworthy and at the time of the loss hereinafter set forth, and at and prior to the commencement of the voyage upon which said loss occurred she was tight, staunch, strong, fully manned, equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged."

At the very outset of the trial proceedings, therefore, the petitioner should adduce evidence in substantiation of this allegation. The petitioner which is here seeking exoneration from or limitation of its liability, must come forward first with evidence with respect to (a) the seaworthiness of the vessel and (b) its lack of privity or knowledge of any defect rendering the vessel unseaworthy. Thereupon, the claimants, who will have had the opportunity to cross-examine the petitioner's witnesses or otherwise speak to the petitioner's proofs, may introduce their own affirmative evidence tending to show that the vessel was unseaworthy or that the owner had knowledge of defects rendering the vessel unseaworthy. The claimants may also, if they choose, introduce affirmative evidence of negligence on the part of the petitioner and its vessel. I do not read The Titanic, supra, and The 84–H, supra, both cited by the petitioner, in any contrary sense. These cases sustain the proposition that on the issue of liability, as I have already indicated, the claimants have the burden of proof. They do not thrust the claimants first in the order of presentation of evidence in these limitation proceedings, as the petitioner contends. I might add, parenthetically, that I have considered the petitioner's argument that The 84–H, supra, case overrules The Hewitt, supra, and I am unable to agree. Lastly, the petitioner can then defend against its alleged liability or on any issue of negligence raised by the claimants and can rebut or offset any of the evidence that was introduced affirmatively in the claimant's case which tends to weaken its right to limit.

At the close of all the evidence, the court will resolve the following issues: first, is the petitioner liable? If there is no liability, the case ends there and the petitioner will be entitled to a decree of exoneration; second, assuming the court finds the petitioner is liable, is the petitioner entitled to limit that liability? Here, as above indicated, the burden of proof with respect to seaworthiness and lack of privity is on the petitioner; third, have the claimants been in any way contributorily negligent?

### Supplemental Opinion.

I am filing, herewith, the proposed pre-trial order submitted by the petitioner because I regard it as being more consonant with the views expressed in my opinion of December 27, 1956. However, I have been constrained to make some modifications in it.

▉ While there has been very substantial agreement between the parties with respect to the provisions of the pre-

trial order, a sharp divergence is manifest with respect to the proper place in the order of proof at the trial, of the evidence concerning petitioner's cross-libels against the estates of the ship's officers. Claimants propose that petitioner be required to support its cross-libels as part of its prima facie case. This would be unjust and would constitute a negation of the petitioner's entire position. The petitioner disclaims any liability. It should not, therefore, be asked to prove the fault of its officers. As I pointed out in my opinion, the petitioner's avowed purpose in bringing these cross-suits is to have recovery over in the event it is found liable because of the breach of duties by the ship's officers. It is the assertion of a contingent right of recovery and must necessarily abide claimants' proof of its negligence. Since the petitioner's position is that it was not at fault, it would be unfair to place it in the position, as part of its prima facie case, to submit evidence of any alleged fault on the part of its officers. The introduction of claimants' affirmative evidence with respect to the negligence of the petitioner and its vessel has its proper place after the submission of the petitioner's prima facie case. The pre-trial order so provides.

I have stricken from the proposed pre-trial order Paragraph 8 to the effect that claimants shall not further examine petitioner's records nor petitioner's officers or employees prior to the trial of this proceeding. I can find no justification for such a sweeping limitation despite the sincere efforts of proctors for the contending parties to afford each other adequate discovery up to this time. It may well be that additional discovery will become necessary prior to trial and every effort should be made to shorten the trial and to reduce the burden of the trial court by affording that discovery. I suggest that any questions with regard to additional discovery should be settled, if possible, by agreement of the proctors. If any problems should arise which need to be made the subject of pre-trial motions, and if the proctors are so advised, they may request the Judge of the Court sitting in the motion part to refer such motions to me. I shall make every effort to dispose of them promptly in the event they are referred to me.