330 F.2d 267
 Milton BINSTOCK, Petitioner-Appellee,
v.
Mildred FRIEDMAN, et al., Executrix of the Estate of Murray
Friedman, deceased, Claimants and Cross
Claimants-Appellants, and Dolores Glassberg, as Executrix,
etc., Claimant-Appellant and Appellee on Crossclaim.
Petition of Milton Binstock, as owner of the PLEASURE CRAFT
INA B. II, in a cause of limitation of and
exoneration from liability.
 No. 285, Docket 28221.
 United States Court of Appeals Second Circuit.
 Argued March 11, 1964.
Decided April 7, 1964.
 
 Leo F. Hanan, New York City (Macklin, Hanan & McKernan, New York City, on the brief), for petitioner-appellee Milton Binstock.
 Nathan Baker, Hoboken, N.J. (Baker, Garber & Chazen, Hoboken, N.J., and Sidney J. Leshin, New York City, on the brief; Milton Garber and Bernard Chazen, Hoboken, N.J., of counsel), for claimants and cross-claimants-appellants Mildred Friedman and others.
 Paul Cherin, New York City (Bernard Ekstein, New York City, on the brief), for claimant-appellant Dolores Glassberg.
 Lawrence J. Mahoney, New York City (Dougherty, Ryan, Mahoney & Pellegrino and Haight, Gardner, Poor & Havens, New York City, on the brief; James M. Estabrook, New York City, of counsel), for appellees Mildred Friedman and others.
 John L. Quinlan, New York City (Bigham, Englar, Jones & Houston, New York City, on the brief), for appellee Glassberg Estate.
 Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The claimants in this shipowner's limitation of liability proceeding appeal from a final decree dismissing their claims and cross-claims and granting exoneration to the petitioner. Judge Cashin's opinion gives the essential facts that preceded the tragic accident which occasioned this litigation, and is reported at 213 F.Supp. 909.
 
 
 2
 The appellants' attacks on the decree center on the ideas that the yacht INAB. II was not reasonably fit for use under the prevailing weather and sea conditions and that petitioner should have refused the decedents, Samuel Glassberg and Murray Friedman, permission to take the boat out on the date of the accident. Since very little is known of how the boat sank, except that it appears that she foundered in heavy seas, or of the manner in which any of the persons on board the vessel conducted and navigated her, this is the only possible line of argument. Nevertheless, we are not persuaded that any of the judge's critical findings were 'clearly erroneous' or that the conclusions he reached were improper.
 
 
 3
 Claimants' case in large part depends on what the actual wind and sea conditions were at 11:15 a.m., the time when the INAB. II cleared Manasquan Inlet on her ill-fated voyage, and thereafter during the day. The Court felt that the actual observations at the Coast Guard station which showed winds of force 4 on the Beaufort scale (11-16 m.p.h.) about that time, were a more reliable guide than the long-range general forecast for the Eastern Seaboard which had been issued at 4 a.m. We can find no error in this determination. While it may be true that petitioner should have observed the small craft warnings, the decedents were in an equally good position to observe them as the boat entered the inlet to let petitioner Binstock off and before they left on the trip out. The facts remain that both decedents were shown to have considerable experience on small boats, that they were in a position to judge the condition of the sea, and that Glassberg called the Coast Guard before deciding to make the voyage, after which they took the trip on their own responsibility. The lack of charts on the boat seems irrelevant since she cleared the inlet and was in deep water before she foundered, if in fact she did. Petitioner was not shown to have done anything he ought not have, or failed to do anything he should have, that would constitute actionable negligence. The claimants simply failed to sustain the burden of proof which they bore on the issues of negligence, unseaworthiness, and causation. See The 84-H, 296 F. 427, 431-432 (2 Cir. 1923), cert. denied sub nomine Randolph v. Bouker, 264 U.S. 596, 44 S.Ct. 454, 68 L.Ed. 867 (1924); Gilmore & Black, Admiralty 705 (1957).
 
 
 4
 With regard to the cross-claims between the Glassberg and Friedman estates, Judge Cashin properly held that they were barred for failure to timely file. In view of this, it was unnecessary to comment on the merits of those claims, and nothing in this opinion is to be taken as an adjudication of the respective rights of the Friedman and Glassberg estates vis-a-vis one another.
 
 
 5
 We have considered the other grounds for reversal raised by appellants, but do not deem it necessary to discuss them. The decree is affirmed.