**Neva C. PARHAM, Executrix of the Estate of L. N. Parham, Deceased, Appellant,**

**v.**

**Carson PELEGRIN et al., Appellees, Frank Fridell.**

**No. 72–1062.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 3, 1972.

---

Chester C. Lowe, Jr., Little Rock, Ark., for appellant.

Gordon S. Rather, Jr., Little Rock, Ark., for appellees.

Before VOGEL, VAN OOSTERHOUT and ROSS, Circuit Judges.

PER CURIAM.

This is an admiralty proceeding brought by Neva C. Parham, executrix of the estate of L. N. Parham, deceased, seeking exoneration from, or limitation of liability pursuant to 46 U.S.C.A. §§ 182–189, and Rules 9(h) and F of the Federal Rules of Civil Procedure.

On May 19, 1969, a houseboat owned by decedent was destroyed by a violent explosion and fire. Decedent died from injuries resulting from the occurrence on May 22, 1969. Damages were incurred by several boat owners with moorings near that of the decedent.

Appellant (1) appeals from an order of Judge Harris denying a motion by appellant to dismiss certain claims for failure to comply with the Arkansas statute of non-claim, Ark.Stat.Ann. § 62–2601, and (2) contends that the findings of fact upon which the court based its judgment for the appellees were erroneous.

Ark.Stat.Ann. § 62–2601 provides that no claim against an estate will be allowed unless that claim is filed within six months of the first notice to creditors. The claim may be filed with the court or presented to the personal representative of the estate.

Following the procedure set forth in 46 U.S.C.A. §§ 182–189, the District Court, at the specific request of the appellant who had chosen the federal court as the forum in which to litigate, enjoined all claims and proceedings against appellant, except those claims which were filed in the federal action to limit liability.

Only the individual claims of appellees Pelegrin and Scott were filed by November 28, 1969, the termination date of the filing period under § 62–2601. However, all claims were filed within the time limit specified by Judge Harris in the limitation action in federal district court.

For the reasons set out below we believe that the District Court properly denied appellant's motion to dismiss all claims not filed pursuant to Ark.Stat. Ann. § 62–2601.

First, appellant voluntarily brought this action under 46 U.S.C.A. §§ 182–189 and Federal Rule of Civil Procedure F. Both statutes provide for the cessation of all claims other than those filed in accordance with the federal statutes.

" * * * Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C.A. § 185.

Rule F of the Federal Rules of Civil Procedure states in part:

"(3) *Claims Against Owner; Injunction.* Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or his property * * * shall cease. On application of the plaintiff [appellant] the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or his property with respect to any claim subject to limitation in the action."

These statutes greatly restrict the ability of claimants to pursue claims in any forum other than in the federal district court. The injunction handed down by the District Court at appellant's request is broad, since it is based upon the statutes mentioned above. The court's order and injunction, following appellant's request, specifically provided for the following:

"3. A notice shall be issued by the clerk of this court to all persons asserting claims * * *, admonishing them to file their respective claims with the clerk of this court in writing, * * * on or before the 10 day of December, 1969, or be defaulted, * * *.

\* \* \* \* \* \*

"5. The further prosecution of any and all actions, suits and proceedings already commenced and *the commencement or prosecution thereafter of any and all suits, actions or proceedings, of any nature and description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits or proceedings against the plaintiff,* as aforesaid, or against that certain unnamed vessel owned by plaintiff's decedent or against any property of the plaintiff as executrix of the estate of L. N. Parham, deceased, *except in this action,* to recover damages for or in respect of any loss, damage, death, injury or destruction caused by or resulting from the aforesaid explosion and fire, as alleged in the complaint, *be, and they hereby are, restrained, stayed and enjoined until the hearing and determination of this action."*

(Emphasis supplied.)

■ Appellant argues that this injunction would not preclude the appellees from complying with § 62–2601, since appellees could have presented their claims to the personal representative of the estate under the statute. This argument is unsound, however, since claims presented to the personal representative must thereafter be filed with the court, pursuant to § 62–2604. Thus, the action demanded of the appellees by the appellant is expressly forbidden by the injunction quoted above.

■ If an action is based upon rights conferred by a United States statute, and matters of procedure under the federal statute are in conflict with state provisions, then the federal statute will govern. Pritchard v. Downie, D.C.Ark., 1962, 201 F.Supp. 893, aff'd 8 Cir., 309 F.2d 634. In that case Rule 25(a)(1) of the Federal Rules of Civil Procedure, rather than Ark.Stat.Ann. § 62–2601, was held to govern in setting a time limit over the substitution of parties after death since the action was based upon federal law.

■ The purpose of § 62–2601 is to facilitate payment of just claims against an estate within a particular time and not to "defeat a just claim on a technicality that might entrap the claimant". Jones v. Arkansas Farmers Association, 1960, 232 Ark. 186, 334 S.W.2d 887, 888. In this case the purpose of § 62–2601 and the federal rights under 46 U.S.C.A. §§ 182–189 and Rule F coincide. Appellees complied with the orders of the District Court and this compliance assisted both the appellant and the court in effecting the proper disposition of the claims against the Parham estate with the least amount of litigation. The District Court was entirely correct in denying appellant's motion to dismiss.

In considering appellant's attack upon the District Court's findings, we refer to Judge Harris' carefully considered and comprehensive opinion published as In re Parham, D.C.E.D.Ark., 1971, 336 F.Supp. 748.[1]

■ After reviewing the evidence presented to him, Judge Harris came to

---

1. In Judge Harris' opinion, he discusses but does not apply the doctrine of res ipsa loquitur. Inasmuch as we affirm on the basis of substantial testimony sup- porting the findings, we do not reach the res ipsa issue and accordingly omit discussion thereof.

the following conclusion, 336 F.Supp. 748, at 754:

"In considering the stipulated and uncontradicted facts of this record, the Court concludes that the decedent undertaking the responsibility for the craft and charged with the duty of proper and adequate inspection undertook the responsibility for the craft and its activities while docked, should have discovered, if not actually knowing, the dangerous condition of the craft and taken such action to eliminate it, his failure to do so was negligence on his part. It follows that he is liable for any damage that results of such negligence."

An examination of the entire transcript reveals that the findings set forth in the trial court's opinion are supported by substantial evidence and are not clearly erroneous, even though the facts were in dispute. Arthur Terry, an expert witness for the appellant, testified:

"It would be my view that the explosion just referred to must have been caused by either an explosive mixture relating from gasoline fuel or an explosive mixture generated by LPG fuel. One or the other. I would not, judging from an examination of the wreckage, think that an explosion relates to an outside proximate cause of any kind, that is a vessel exploding nearby. I think it exploded in the vessel.

"Q Just for the purposes of clarification, why do you say it was one or the other of these fuels?

"A Because I am not of the view that I could define which one or the other it was.

"Q You think it was one or the other?

"A I would think it would have been one or the other, yes. Indeed, I should say it must have been one or the other."

On cross-examination Mr. Terry was asked what set of facts would allow him to believe gasoline to be the cause of the explosion. He testified that a substantial gasoline leak sufficient to allow the odor of gasoline to be present, together with gasoline visually present, would cause him to believe gasoline fumes were the most probable cause.

Witness Durwood Johnston, Jr., testified that there was a noticeable gasoline leak aboard the vessel and that the decedent knew about the leak.

Appellee Sam Scott, Jr., testified that his post-explosion examination of the damage to the vessel indicated that there had been an explosion in the bilge, in opposition to the testimony of Mr. Terry that it was probably in the forward portion of the vessel.

■ The foregoing evidence is substantial support for the District Court's findings. What we are asked to do here is to substitute our judgment for that of the District Judge who was sitting as the trier of the facts. This we may not do unless there was no substantial evidence to sustain the challenged findings. As was so well said by this court in Cleo Syrup Corp. v. Coca-Cola Co., 8 Cir., 1943, 139 F.2d 416, 417–418, cert. denied, 1944, 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074:

"This Court, upon review, will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court. Storley v. Armour & Co., 8 Cir., 107 F.2d 499, 513; Gasifier Mfg. Co. v. General Motors Corporation, 8 Cir., 138 F.2d 197, 199; Travelers Mut. Casualty Co. v. Rector, 8 Cir., 138 F.2d 396, 398. The power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly. Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 655; Pittsburgh Plate Glass Co. v. National Labor Relations Board, 8 Cir., 113 F.2d 698, 701 (affirmed 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251); Travelers Mutual Casualty Co. v. Rector, supra. In a non-jury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial evidence to sustain it,

unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law."

See, also, Cole v. Neaf, 8 Cir., 1964, 334 F.2d 326, 329–330. Even if we might have arrived at a different conclusion than that arrived at by Judge Harris, we cannot say that the evidence supporting his view is not substantial or that his findings are clearly erroneous. United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.

Affirmed.